IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE ANTHONY, | § |
| Plaintiff, | § |
| vs. | § CIVIL ACTION NO. 4:14-cv-1669 |
| UNITED AIRLINES, | § |
| Defendant, | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Wayne Anthony, hereinafter called Plaintiff, complaining of and about United Airlines, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Wayne Anthony is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant United Airlines may be served by serving CT Corporation System, its agent authorized to accept service at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### JURISDICTION

3. The action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et.seq.("ADEA").  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. Section 1331, as hereinafter more fully appears.  Moreover, this Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. Section 1367.

### NATURE OF ACTION

1

4.     This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et.seq., as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age.  Additionally, this is an action under the state common law of Texas for breach of contract.

## CONDITIONS PRECEDENT

5.     All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6.     Plaintiff commenced his employment with Defendant on July 30, 1984.  During this period of employment, Plaintiff worked in a variety of mechanic positions.  His final position was Lead Aviation Mechanic Technician Line, which he held from June 2008 through December 2008.

7.     In late 2008, United offered a Reduction in Force Early Out Program ("EOP") to employees in the mechanic job classification.  As a part of his acceptance of and participation in this Early Out Program, Plaintiff was offered certain retiree benefits and privileges, including pass travel privileges available for retired employees to be effective January 1, 2009.

8.     On January 26, 2009, shortly after Plaintiff retired from Defendant, he began employment at Continental Airlines ("Continental").  As a Continental employee, Plaintiff was entitled to pass travel privileges under Continental's employee pass travel program.  Accordingly, Plaintiff had pass travel privileges from two separate airlines, from Defendant as a

retiree and also from Continental as an active employee.  Each airline had their own distinct pass travel program and Plaintiff was entitled to benefits from both programs.

9. In 2010, Defendant and Continental merged into one combined airline.  In order to avoid any potential issues, Plaintiff proactively contacted Dixon McKinzie, Managing Director of Human Resources in April 2011.  Even though McKinzie passed Plaintiff's concerns up the chain of command, his pass travel issues remained unresolved.  In the spring of 2012, Defendant modified the pass travel program for employees of each previously individual airline.  While Defendant's new pass travel program did not initially affect Plaintiff's retiree pass travel benefits, in June 2012, without notice or warning, Defendant locked Plaintiff out of his retirement profile, which operated to deprive him of his retiree pass travel privileges.  Thus, since June 2012, United has knowingly and intentionally deprived Mr. Anthony of the retirement pass travel benefits to which he is entitled.

10. Plaintiff complained about being treated differently because of his age in a July 2012 meeting with his local human resources representative.  Ultimately, Defendant did not just take away Plaintiff's pass travel and vacation benefits, but also began subjecting him to retaliation, including negative comments by coworkers and a recent unwarranted, negative review, when he complained about the same.  Several of Plaintiffff's (uninvolved) coworkers have indicated that they were made aware of his complaint by management; such unlawful retaliation also violates Defendant's Confidentiality Policy.

## AGE DISCRIMINATION

11. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age.  At all material times Plaintiff was 40 years of age or older.

12. Defendant discriminated against Plaintiff in connection with the compensation,

3

terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Age Discrimination in Employment Act.

13. Plaintiff alleges that Defendant, United Airlines, willfully violated the protected rights of Plaintiff because of his age.

## BREACH OF CONTRACT

14. Plaintiff and Defendant executed a valid and enforceable written contract, the EOP, which provided that Plaintiff would receive retiree pass travel privileges in exchange for his participation in the reduction-in-force.

15. While Plaintiff tendered performance of his contractual obligations by his resignation, Defendant breached the contract by revoking Plaintiff's retiree pass travel privileges.

16. Accordingly, Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## DAMAGES

17. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Loss of his retiree pass travel benefits;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d.    All reasonable and necessary costs incurred in pursuit of this suit;

    e.    Emotional pain;

    f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g.    Inconvenience;

    h.    Interest;

    i.    Loss of enjoyment of life;

    j.    Mental anguish in the past;

    k.    Mental anguish in the future;

    l.    Reasonable medical care and expenses in the past. These expenses were incurred by Wayne Anthony and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    m.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    n.    Loss of earnings in the past;

    o.    Loss of earning capacity which will, in all probability, be incurred in the future; and

    p.    Loss of benefits.

### LIQUIDATED DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for liquidated damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the causes, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:_____
Alfonso Kennard, Jr.
Attorney-in-Charge
Texas Bar No. 24036888
Southern District Bar No: 713316
E-Mail: alfonso.kennard@kennardlaw.com
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Tel. (713) 742-0900
Fax. (713) 742-0951

**ATTORNEY FOR PLAINTIFF
WAYNE ANTHONY**